## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**BIANCA R. PAPAPIETRO,**

      **Plaintiff,**

    **vs.**                    **Civil Action File No.**

**SMURTI CORPORATION, MANOJ**   1:15-cv-00652-ODE
**G. BAROT and RAHUL PATEL**

---

### PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 216(B) AND BRIEF IN SUPPORT THEREOF

---

Pursuant to 29 U.S.C. § 216(b) and LR 54.2 NDGa, Plaintiff Bianca Papapietro hereby moves this Court for the award of (1) attorneys' fees in the amount of $159,474.17 and (2) costs in the amount of $4,417.15 in this FLSA action.

## 1.     PRELIMINARY STATEMENT/PROCEDURAL HISTORY

Plaintiff filed this FLSA action against Defendant on March 4, 2015 alleging violations of both the overtime pay and retaliation provisions of the FLSA by her employers, the Smurti Corporation, Manoj Barot and Rahul Patel. [Dkt. 1] Plaintiff

consented to an extension to Defendants' response time in order to discuss settlement. [1]  [Dkt. 7]

Plaintiff then made a settlement demand for $8,758.75[2] in due but unpaid overtime, lost pay due to retaliation and liquidated damages, and for an additional $9,000.00 in attorneys' fees and costs. Defendants responded with a comprehensive offer of $1,000.00 "as full and final settlement." Defendants further stated that the Plaintiff's claim was "entirely frivolous" and promised to seek an award of "attorney fees for having to defend a frivolous action."[3]

Defendants timely filed their Answers. [Dkt. 9, 10 & 11] The parties conducted a Rule 26(f) conference and filed a Joint Preliminary Report and Discovery Plan. [Dkt. 12] Plaintiff's counsel drafted the Joint Preliminary Report and Discovery Plan, which was then jointly submitted.

The parties exchanged Initial Disclosures. [Dkt. 14, 39, 40 & 41] Defendants propounded written discovery to Plaintiff. [Dkt. 19, 20 & 21] Plaintiff propounded

---

[1]  Declaration of Kevin D. Fitzpatrick Paragraph, ("Fitzpatrick Decl.¶") 12 and Exhibit "A" thereto.

[2]  The sum of the gross amount awarded by the jury, (i.e., $4,487.23) and the corresponding amount of liquidated damage (i.e., $4,487.23) is $8,974.46, an amount that is $215.71 more than the amount sought in Plaintiff's settlement demand.

[3]  Fitzpatrick Decl. ¶ 13 and Exhibit "B" thereto.

written discovery to Defendants. [Dkt. 23] Defendants took Plaintiff's deposition. [Dkt. 24]  Plaintiff took Defendants' depositions. [Dkt. 25, 26, 27]

Plaintiff made further attempts to resolve this matter during depositions; but Defendants' counsel reported that Defendants were unwilling to settle.[4]

Upon the conclusion of the discovery period, Defendant moved for Summary Judgment.[5]  [Dkt. 44]  Plaintiff responded to that Motion.  [Dkt. 47]  Defendants moved to strike Plaintiffs Response.[6] [Dkt. 48]  Plaintiff submitted a response to that motion. [Dkt. 52]  The court denied both motions.  [Dkt. 54]

This case was tried before a jury from January 25, 2017 through January 30, 2017, resulting in a jury verdict[7] for Plaintiff [Dkt, 77] on her claims as follows:

1) $349.24 for due but unpaid overtime compensation;

---

[4]  Fitzpatrick Decl. ¶ 15.

[5]  Defendants' Motion for Summary Judgment [Dkt. 44] included 12 attachments.  Eleven of these attachments consisted of a large number of unrelated documents, labeled only as "Deposition Exhibits."  Defendants' affidavits were buried within.  Defendants' inclusion of attachments in this manner significantly increased the amount of time needed to prepare a response to Defendants' Statement of Material Facts [Dkt. 44-1].

[6]  Although Defendants' Motion to Strike demonstrated their unfamiliarity with Appendix H of the Court's Local Rules, Plaintiff was obliged to respond, thereby increasing Plaintiff's attorneys' fees.

[7]  In closing argument, Plaintiff requested $187 in due but unpaid overtime and $3,120 in lost wages due to retaliation.  The gross amount of the jury verdict equates to more than 135% of amount requested.

2) $312.00 for damages incurred because of suspension Defendants imposed in

retaliation for Plaintiff's statutorily protected activity; and

3) $3,781.24 for damages incurred because of a reassignment or discharge

Defendants imposed in retaliation for Plaintiff's statutorily protected activity.

Plaintiff has since moved for an award of liquidated damages. [Dkt. 74]

**2.    ARGUMENT AND CITATIONS OF AUTHORITY**

**A. Plaintiff Is A Prevailing Party Entitled To An Award Of Her Reasonable Attorneys' Fees And Costs Pursuant to 29 U.S.C. §216(b)**

FLSA § 16(b), 29 U.S.C. § 216(b) provides the remedial structure to be applied

where a plaintiff has successfully proved an FLSA claim.  It states, "(t)he court in

such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs,

allow a reasonable attorney's fee to be paid by the defendant, and the costs of the

action."  This provision has been universally employed.

> It is well established that a prevailing FLSA plaintiff is entitled to recover attorneys' fees and costs, based upon the plain language of the FLSA, which provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); see also Silva v. Miller, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008).

*Brandt v. Magnificent Quality Florals Corp.,* 2011 U.S. Dist. LEXIS 113195

(S.D. Fla. 2011).

4

As a prevailing plaintiff, Papapietro is entitled to her reasonable costs and attorneys' fees incurred. *Shelton v. Ervin*, 830 F.2d 182, 183-4 (11th Cir. 1987). That requirement is mandatory, as attorneys' fees and costs are an "integral part of the merits of FLSA cases and part of the relief sought". *Id*.; 29 U.S.C. § 216(b).

The "reasonable fee" is considered to be the "lodestar amount". As the Court in *Goldame's v. N & D Inv. Corp.*, 2011 U.S. App. LEXIS 12705 (11th Cir. 2011) held:

> Generally, a prevailing plaintiff in a FLSA case is entitled to a reasonable award of attorneys' fees and costs. 29 U.S.C. § 216(b); *Sahyers v. Prugh, Holliday & Karatinos, P.L*., 560 F.3d 1241, 1244 (11th Cir. 2009). Calculation of attorneys' fees involves multiplying the number of hours reasonably expended in litigating the claim and the customary fee charged for similar legal services in the relevant community ("lodestar amount"). *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). A properly calculated lodestar amount "is itself strongly presumed to be reasonable." *Resolution Trust Corp. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1150 (11th Cir. 1993) (per curiam) ("Consequently, the courts have severely limited the instances in which a lawfully found lodestar amount may be adjusted to a higher or lower level.").
>
> The first step in determining the proper lodestar amount is calculating the number of hours reasonably expended on the litigation. Prevailing plaintiff's attorneys "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id*. at 1149 (quoting *Hensley*, 461 U.S. at 434). Attorneys may bill adversaries for only the same hours they would bill a client. *Id*. Similarly, "a *court* may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins v. Mobile Hous. Bd*., 847 F.2d 735, 738 (11th Cir. 1988) (emphasis added). If the court concludes that the number of claimed hours is excessive, it may engage in "an across-the-board cut," so long

as it provides adequate explanation for the decrease. *Bivins v. Wrap it Up, Inc*., 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam).

This standard establishes that all the effort performed on this case, from initial client intake, research and drafting of the complaint, Initial Disclosures, the Planning Report and Discovery schedule, preparation of written discovery including Plaintiff's requests and responses, preparing for and conducting depositions, responding to a motion for summary judgment and motion to strike, preparing for and conducting a three and one half day jury trial, as well as meetings and communications with Plaintiff and Defendants' counsel, is all compensable legal work reasonably incurred on behalf of Plaintiff.

Where an FLSA plaintiff achieves an excellent result, her attorneys should be fully compensated. *Lowery v. Cash's Cabanas, Inc.*, 2011 U.S. Dist. LEXIS 15720 (N.D. Fla. 2011):

> The lodestar may be adjusted to reflect, for one thing, the results obtained. *See Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)* (civil rights case); *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). **A plaintiff who obtains "excellent results" should recover a "fully compensatory fee"** *Id.* (Citing *Hensley*, 461 U.S. at 435 n. 11, 103 S.Ct. at 1940 n.11).(Emphasis added).

Counsel's efforts resulted in Plaintiff recovering approximately 135% of the total amount she asked from the jury. This result was, therefore, extremely favorable to Plaintiff.  A fully compensatory fee is warranted.

Many courts have found that public policy is furthered through private enforcement of the FLSA. See, e.g., *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1306 (11th Cir. 2001); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341 (S.D. Fla. 2007); *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1313 (S.D. Fla. 2009)

Defendants may claim that the modest amount awarded by the jury mandates a reduction in the lodestar.  Such an argument, if asserted, is inconsistent with the law. If proportionality were the law, attorneys in private practice could simply not afford to represent hourly employees in FLSA cases, thereby defeating public policy.

> Success might, in some circumstances, be quantifiable as a dollar amount.  However, an assertion that the dollar amount of the settlement alone would serve as justification for reducing the fee award is not legally supported. In the context of civil rights claims, the Supreme Court has noted that a rule requiring proportionality between the plaintiff's recovery and the attorney's fee "would make it difficult, if not impossible, for individuals with meritorious . . . claims but relatively small potential damages to obtain redress from the courts." *City of Riverside v. Rivera,* 477 U.S. 561, 578, 106 S.Ct. 2686, 2696, 91 L. Ed. 2d 466, (1986). The same logic applies to claims made under FLSA**.** See *Pyczynski v. Kirkland's Stores, Inc.*, 2008 U.S. Dist. LEXIS 15413, 2008 WL 544864 (M.D. Fla. 2008) (applying *Riverside* to FLSA claims). There are myriad cases cited in the plaintiffs' rejection of defendants' counter-offer that support the proposition that a low

recovery alone does not direct the size of the fee award in civil rights litigation. See e.g., *Riverside, supra; Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2nd Cir. 2005); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (discussing general principles behind award of fees); *Mercer v. Duke University*, 401 F.3d 199, 210-211 (4th Cir. 2005) (citing cases) (affirming award of $349,244 in attorneys' fees awarded in Title IX suit yielding nominal damages award of $1 that was litigated for 7 years and appealed three times); *Wadsworth v. Clindon*, 846 F.2d 265, 266 (4th Cir. 1988) (awarding $13,317 in fees where plaintiff's damages in Fair Housing Act case were $1,000); *Estate of Borst v. O'Brien*, 979 F.2d 511, 516-517 (7th Cir. 1992) (citing cases) (affirming award of $47,254 in attorneys fees in § 1983 suit where total damages award was $1,000); *Northington v. Marin*, 102 F.3d 1564 (10th Cir. 1996) (upholding attorneys' fee award of $93,649.61 in § 1983 suit yielding $5,000 judgment); *Morris v. Eversley*, 343 F.Supp.2d 234, 248 (S.D.N.Y. 2004) (awarding fees of $154,900 where plaintiff received $16,000 in compensatory and punitive damages); *Grochowski v. Ajet Constr. Corp.*, 2002 U.S. Dist. LEXIS 5031, 2002 WL 465272 (S.D.N.Y. 2002) (awarding fees of $97,207.50 where plaintiffs were awarded $26,000 in damages).

*Lowery, supra*, at 12-13

This is especially true in FLSA cases, where attorneys' fees commonly exceed the amount recovered for a plaintiff. *Brandt v. Magnificent Quality Florals Corp.,* 2011 U.S. Dist. LEXIS 113195 (S.D. Fla. 2011):

> While the nature of the results obtained may result in an upward or downward adjustment of the lodestar, "[f]ee awards should not simply be proportionate to the results obtained," especially in the context of FLSA cases, where it is not uncommon for fee awards to exceed the Plaintiff's recovery in order to ensure that individuals with relatively small claims can obtain representation necessary to enforce their rights. *See James v. Wash Depot Holdings*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007); *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 U.S. Dist. LEXIS 45771, 2005 WL 6148128, No. 02-61667-CIV, at *5 (S.D. Fla. Mar. 10, 2005).

Here, Plaintiff's counsel has both used prudent billing judgment and has obtained excellent results for their client.  All of the work performed was necessary to obtain those results. This Court should, therefore, award Plaintiff her full attorneys' fees and costs. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1996)(citing *Hensley*, 461 U.S. at 434-36) ("When the hours and rate are reasonable, a downward adjustment to a lodestar is merited only if the prevailing party was partially successful in its efforts.").

The notion that fee applications should be dissected into "winning" and "losing" hours with the latter being non-reimbursable contradicts the law of this circuit. *Webster v. Fulton County,* 112 F. Supp. 2d 1339 (N.D. Ga. 2000)*.* Only time spent pursuing unsuccessful *claims* that were clearly without merit should be excluded from an award of attorneys' fees*. Id.*[8]  No such futile efforts were undertaken in the instant case.

### B. Plaintiff's Fee and Cost Request Is Based Upon the Appropriate Lodestar.

*Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714 (5th Cir. 1974) sets forth a 12 factor test to determine the appropriate lodestar. These are: (1) the time and

---

[8] There are no "losing" hours in this case because the jury awarded Plaintiff a verdict on all claims and provided more relief than she requested.

9

labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See *Johnson,* 488 F.2d, at 717-719.

**(1) The Time And Labor Expended in Pursuing Plaintiff's FLSA Claims Was Necessary to Pursue Her Claims.**

Plaintiff has submitted documentation herewith[9] of the number of hours that counsel and staff devoted to this litigation.  The entire effort exerted was reasonable and necessary to achieve a successful result.[10] They have likewise submitted evidence substantiating their applicable "hourly rates."[11] For the Court's

---

[9] See Fitzpatrick Decl. and Exhibits "C and D" thereto.
[10] See, Declaration of C. Andrew Head, Paragraph ("Head Decl. ¶") 5.
[11] Fitzpatrick Decl. ¶ 33.

convenience, Plaintiff hereby submits the following summary of that information, based on the chronology of the case.[12]

| Phase of Litigation | Description | Amount Sought for Reimbursement | Individual Breakdown |
|---|---|---|---|
| Intake | Initial meeting with client; initial development of factual narrative, advice about the process of litigation, decision to proceed, and explanation of DCBFB Client instructions and Retainer Agreement. | 3.05 hours of attorney time; **$1,220.00** | Fitzpatrick: **2.75 hours**; $1100.00;<br><br>Bridgers: **0.3 hours**; $120.00 |
| Complaint_COIP_Service | Initial Factual Investigation; Draft and revisions of Complaint, client review of Complaint, Certificate of Interested Persons | 13.28 hours of attorney time and 1.10 hour of paralegal time; **$5,171.58** | Fitzpatrick: **10.16 hours**; $3,533.33; Bridgers: **0.62 hours**; $246.67; Herrington: **2.5 hours**; $687.50; Sorrenti |

---

[12]*See Norman, supra* ("A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.") 836 F.2 at 1303.

|  |  |  | (Paralegal): **1.1 hour**; $159.50; Rivers (Legal Asst.) 0.25 hour: ***Not billed*** |
|---|---|---|---|
| Ans_Discl_JPR | Post-Answer activities, including creation and review of an interlineated comparison of Complaint & Answer, planning, preparation of Initial Disclosures; preparation of Joint Preliminary and Discovery Report participation in Joint Preliminary Conference | 0.4 hours of attorney time; 6.7 hours of paralegal time; **$1,142.75** | Bridgers: **0.4 hours**; $160.00; Sorrenti (Paralegal): **6.7 hours**; 971.50; Rivers (Legal Asst.): **0.25 hours**: ***Not billed***; |
| Client Comm | General communication with client during scope of representation not otherwise categorized | 0.52 hours of attorney time 0.2 hours of paralegal time; **$202.33** | Fitzpatrick; **0.25 hours**; $100.00; Herrington (Associate**): 0.27 hours**; $73.33; Sorrenti (Paralegal): **0.2 hours**; $29.00 |
| DamageEst | Efforts in multiple meetings with client and calculating her FLSA damages | 1.6 hours of attorney time; **$439.62** | Herrington (Associate): **1.6 hours**; $439.62 |

| Discovery_Wr | Efforts in preparing and responding to written discovery | 4.36 hours of attorney time; 27.10 hours of paralegal time; **$5,706.16** | Fitzpatrick**: 2.66 hours**; $1,066.66; Bridgers: **1.7 hours**; $696.00; Sorrenti (Paralegal) **27.0 hours**: $3,915.00; Sprayberry (Legal Asst): **0.3 hours**; *Not billed* |
| --- | --- | --- | --- |
| Depositions | Scheduling, noticing, preparing for and conducting depositions of a Rule 30(b)(6) representative and both individual defendants and meeting with client, preparing for and defending deposition of Plaintiff | 31.7 hours of attorney time; 3.55 hours of paralegal time; **$13,744.25** | Fitzpatrick **30.95 hours**; $12,380.00; Bridgers: **0.65 hours** $340.00; Herrington**: 0.1 hours**; $27.50; Sorrenti (Paralegal): **3.55 hours**; $891.75 Toenes (Paralegal) **0.8 hours;** *Not billed* |
| Conferral | Efforts to resolve discovery disputes | 0.67 hours of attorney time; **$183.87** | Herrington**: 0.67 hours**; $183.87 |
| Misc | Miscellaneous Duties Related to Case, review of incoming | 1.79 hours of attorney time; 0.1 hours of | Bridgers: **1.79 hours**; $ 714.11; Sorrenti (Paralegal) **0.1** |

| | correspondence, incoming orders, extensions, staff assignments | paralegal time; **$833.66** | **hours**; $14.50; **0.4 hours** *Not billed*; Toenes (Paralegal): **0.45 hours**; *Not billed* |
|---|---|---|---|
| Motions | Drafting and Responding to Motions other than a Motion for Summary Judgment, e.g. motion to extend discovery, response to motion to strike; motion in limine; motion for award of liquidated damages & Motion for Attorneys' Fees &Costs | 22.67 hours of attorney time; 0.67 hours of paralegal time; **$9,576.24** | Fitzpatrick: **10.84 hours**; $4,333.34; Bridgers: **6.9 hours**; $2,760.00 Benjamin: **4.93 hours**; $1,996.68; Herrington: **0.67 hours**; $182.72; Sorrenti (Paralegal): **2.3 hours**; $333.50 |
| Pleadings | Drafting of Pleadings other than Complaint | $0.00 | Toenes: **.25 hours**; *Not billed* |
| Research | Research legal authorities | 3.9 hours of attorney time; **$1,073.71** | Benjamin: **2.95 hours**; $780.00; Herrington: **1.03 hours**; $283.71 |
| Settlement | Efforts to resolve matter including negotiation and attempts to resolve attorney fee issues | 3.01 hours of attorney time; $1,121.72 | Fitzpatrick: **1.75 hours**; $700.00; Bridgers: **0.62 hours**; $246.56; Herrington: **0.64 hours**; $175.16 |

| Motion For Summary Judgment | Review and analyze Defendants' Motion for Summary Judgment, draft Response to Statement of Facts; Statement of Additional Facts and Response to Motion | 59.93 hours of attorney time; 3.75 hours of paralegal time; **$24,470.91** | Fitzpatrick: **54.67 hours;** $21,866.67; Bridgers: **3.4 hours**; $1,360.00; Herrington: **1.86 hours**; $437.95 Sorrenti (Paralegal): **0.3 hours**; $43.50; **0.8 hours;** *Not billed;* Toenes (Paralegal): **3.45 hours**; $362.25; **2.0 hours;** *Not billed* |
|---|---|---|---|
| Pre-Trial Order | Draft PreTrial Order and Amended Pre Trial Order | 3.05 hours of attorney time; 9.3 hours of paralegal time; **$2,568.50** | Fitzpatrick: **2.0 hours** $800.00; Bridgers: **1.05 hours**; $420.00; Sorrenti (Paralegal): **9.3 hours**; $1,348.50 |
| Trial | Meet with witnesses, prepare direct testimony, prepare client for cross examination, draft jury charges; research potential evidentiary | 208.04 hours of attorney time and 47.6 hours of paralegal time; **$92,028.67** | Fitzpatrick: **125.59 hours**: $50,233.34; Benjamin: **91.63 hours**; $36,653.33 Sorrenti (Paralegal) **3.6** |

| | challenges; review all documents and depositions, create exhibit books; prepare cross examination and order of exhibit introduction, prepare opening and closing statements, participate in jury trial | | **hours**; $522.00; Toenes (Paralegal): **44 hours**; $4,620.00 |
|---|---|---|---|
| | Total Fees | **$159,474.17** | |

**(2) This FLSA Retaliation Case Presented Novel and Difficult Issues.**

FLSA retaliation cases are subject to the burden shifting framework set forth in

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).  Plaintiff must first

establish a *prima facie* by demonstrating the following:

(1) she engaged in an activity protected under [the] act;
(2) she subsequently suffered adverse action by the employer; and
(3) a causal connection existed between the employee's activity and the adverse action.

*Wolf v. Coca Cola, Co.,* 200 F.3d 1337, 1342-1343 (11th Cir. 2000)

The burden then shifts briefly to the employer to assert a legitimate non-

discriminatory reason for the adverse action.  Once asserted, the burden shifts

back to the Plaintiff to prove pretext.

Proving pretext is always a steep hill to climb.  The employer has the advantage because it controls its own records and the witnesses who are still in its employ.  The employee must not only establish her personal credibility at trial, she must also diligently pursue and present persuasive evidence of pretext. Here, Plaintiff was required to persuade a jury that the two individual Defendants falsified and fabricated a series of disciplinary entries and related documents.

### (3) Counsel Exhibited The Skill Requisite to Perform the Legal Service Properly.

The successful prosecution of this Plaintiff's employment case required complete familiarity with the law, the rules of evidence and procedure and hundreds of pages of documents.  It required a diligent and persuasive response to a summary judgment motion.  It required the full range of litigation skills.  The Court, of course, can determine whether counsel exhibited the appropriate level of skill.

### (3) The Requirements of This Matter Precluded Counsel From Pursuing Other Opportunities.

Competent representation of a plaintiff in an employment case during a three and one half day jury trial demands the full attention of counsel to the exclusion of all other matters, beginning about ten days before trial, for several days in preparing a response to Defendants' motion for summary judgment and for several

days during depositions.  Counsel was precluded from pursuing other opportunities during this time.

### (4) The Hourly Rates of Counsel And Staff Are Reasonable and Customary.

The hourly rates for Plaintiff's counsel and staff are as follows:[13]

| Time Keeper | Position | Billable Rate |
| --- | --- | --- |
| Charles R. Bridgers | Attorney | $400 |
| Kevin Fitzpatrick, Jr. | Attorney | $400 |
| Mitchell D. Benjamin | Attorney | $400 |
| Matthew W. Herrington | Associate Attorney | $275 |
| Jessica Sorrenti | Paralegal | $145 |
| Sarah N. Toenes | Paralegal | $105 |
| Doris Rivers | Legal Asst. | $45 |
| Mary Sprayberry | Legal Asst. | $45 |

As set forth in the Declarations of counsel (Exhibits "1" and "2") and the Declaration of C. Andrew Head (Exhibit "3"), these rates are consistent with the reasonable and customary rates charged by attorneys and their staff in the Atlanta legal market who possess similar skill, experience, training, education, and

---

[13] See, Fitzpatrick Decl. ¶ 20, 21, 23, 25, 27 & 29.

reputation.[14]  This Court recently found these hourly rates to be reasonable in another FLSA case, *Cook v. Statewide Wrecker Service, Inc.,* 1:15-cv-101-ODE, [Dkt 38, pp. 4-5.]

### (5) Plaintiff's FLSA Retaliation Cases Are Undesirable.

Ms. Papapietro, like the vast majority of FLSA clients, has no ability to pay a legal fee or fund a cost retainer.  To pursue such a case, therefore, counsel must not only work without remuneration for an extended period, here two years; it must also advance thousands of dollars to cover the costs of litigation.  Counsel commits to such contingent fee representation before any discovery is commenced.  Should such later discovery or testimony at trial establishes that the employer's assertion of a legitimate non-discriminatory rationale is unassailable, counsel cannot recover remuneration for its efforts or reimbursement of its expenditures.[15]

### (6) Plaintiff's Fee and Cost Request Is Consistent With Awards In Similar Cases.

In a recent FLSA case tried before Judge Thrash, a jury awarded the plaintiff FLSA damages of $6,907.47 after a two-day trial.  *Cain v. Almeco USA, Inc.,* 1:12-cv-3296-TWT at Dkt. 68.  The plaintiff in that case had requested damages more than three times the amount that the jury awarded.  Judge Thrash made no deduction

---

[14] See, Head Decl. ¶ 3
[15] Fitzpatrick Decl. ¶ 11.

because of the amount awarded.  He made a deduction, however, for the amount of fees claimed in connection with the *plaintiff's* motion for summary judgment because of the "complete futility" of that effort.  He then awarded the plaintiff a lodestar amount of $173,300.05. *Cain, supra,* at Dkt. 84.

Likewise, in *Kwik v. Jon L. Hyman,* 1:10-cv-2317-SCJ at Dkt. 88, after a two-day trial, Jude Steve Jones awarded the plaintiff attorneys' fees and costs of $151,291.11 in an FLSA case.

Unlike the plaintiff in *Cain,* no time was expended in futile efforts here.  Unlike the plaintiff in *Cain,* Papapietro was fully successful in her efforts.  Unlike both the *Cain* and *Kwik* cases, the Papapietro trial stretched through three and a half days, ending moments before the courthouse lights would be extinguished.  A downward adjustment to the lodestar in this case would, therefore, should be inappropriate.

**C. Summary**

**(1) Attorneys' Fees.**

Defendants failure to heed Plaintiff's pursuit of a reasonable settlement caused Plaintiff's legal fees and costs to rise in a predictable way.  Counsel and their staff had no option but to expend significant time and resources in order to represent Ms. Papapietro thoroughly and professionally. These efforts were reasonable and were necessary to vigorously represent her interests. They were exacerbated by the

unconventional manner in which Defendants attached exhibits to their Motion for Summary Judgment. They involved no unnecessary duplication of efforts. To the contrary, Counsels' efforts reflected a highly disciplined, efficient, and effective division of labor intended to maximize their relevant skills and abilities.[16] Multiplying the number of hours devoted to the case by the applicable hourly rates, results in a total figure of $157,234.17.

**(2) Expenses Incurred in Prosecuting These FLSA Claims**

In addition to the attorney's fees detailed above, Plaintiff seeks $4,417.15 in costs of litigation, as follows:

| Date | Expense | Amount |
|---|---|---|
| March 4, 2014 | Filing Fee | $400.00 |
| March 16, 2015 | Service of Process Fee | $205.00 |
| September 9, 2015 | Deposition Cost | $1,363.00 |
| October 7, 2015 | Deposition Cost | $459.00 |
| October 16, 2015 | Deposition Cost | $715.00 |
| November 11, 2015 | Deposition Cost | $376.14 |
| January 1, 2016 | Computer Research | $69.11 |

---

[16] Head Decl., Exhibit 3 hereto.

| | | |
|---|---|---|
| January 12, 2017 | Witness Subpoena Fee | $69.21 |
| January 12, 2017 | Witness Subpoena Fee | $69.21 |
| January 12, 2017 | Witness Subpoena Fee | $53.80 |
| January 12, 2017 | Witness Subpoena Fee | $68.36 |
| January 12, 2017 | Witness Subpoena Fee | $72.64 |
| January 12, 2017 | Witness Subpoena Fee | $46.00 |
| January 25, 2017 | Courthouse Parking – Fitzpatrick | $17.00 |
| January 25, 2017 | Process Server Fee (witness subpoenas) | $535.00 |
| January 26, 2017 | Courthouse Parking – Fitzpatrick | $6.00 |
| January 27, 2017 | Courthouse Parking – Fitzpatrick | $6.00 |
| January 26, 2017 | Courthouse Parking – Benjamin | $6.00 |
| January 27, 2017 | Courthouse Parking – Benjamin | $6.00 |
| January 30, 2017 | Courthouse Parking – Benjamin | $6.00 |

| January 26, 2017 | Courthouse Parking – Fitzpatrick | $6.00 |
|------------------|----------------------------------|-------|

These expenses were reasonably and necessarily incurred in the prosecution of this action.[17]

## D. CONCLUSION

Plaintiff Bianca Papapietro prevailed on all her FLSA claims. She vindicated the law's standard of time and a half after forty hours and its proscription against the imposition of retaliatory adverse action. Plaintiff respectfully request that she be awarded her attorneys' fees in the amount of $159,474.17 and her costs of litigation in the amount of $4,417.15.

Respectfully submitted,

**DeLONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN LLC**

*s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr,
Georgia Bar No. 262375
kevin.fitzpatrick@dcbflegal.com

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150     Telephone
(404) 979-3170     Facsimile

---

[17] Fitzpatrick Decl. ¶ 20 and Exhibit "D" thereto.

23

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**BIANCA R. PAPAPIETRO,**

       **Plaintiff,**

   **vs.**                        **Civil Action File No.**

**SMURTI CORPORATION, MANOJ**   1:15-cv-00652-ODE
**G. BAROT and RAHUL PATEL**

### CERTIFICATE OF COMPLIANCE AND SERVICE

This is to certify that I have on this day served a copy of the attached **"Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to 29 U.S.C. Sect 216(b) and Brief in Support Thereto"** which is in compliance with the type and point requirements of LR 5.1 NDGa, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record including Catherine Gibson McCauley.

This 13th day of February 2017.

                        *s/ Kevin D. Fitzpatrick, Jr.*
                        Kevin D. Fitzpatrick, Jr,
                        Georgia Bar No. 262375
                        kevin.fitzpatrick@dcbflegal.com