FILED IN CHAMBERS
U.S.D.C. - Atlanta

FEB 23 2017

James N. Hatton, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BIANCA R. PAPAPIETRO,

    Plaintiff

v.

SMURTI CORPORATION, MANOJ G. BAROT, and RAHUL PATEL,

    Defendants

CIVIL ACTION NO.
1:15-CV-652-ODE

ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on Plaintiff Papapietro's Motion for an Award of Liquidated Damages [Doc. 74] and Plaintiff Papapietro's Motion for Attorneys' Fees and Costs [Doc. 78]. For the reasons stated below, Papapietro's Motion for an Award of Liquidated Damages [Doc. 74] and Motion for Attorneys' Fees and Costs [Doc. 78] are both DEFERRED pending a hearing as to the basis for, and reasonableness of, the awards requested.

On January 30, 2017 a jury found Defendants Smurti, Barot, and Patel liable to Plaintiff Papapietro under the FLSA for $349.24 in overtime pay, $312.00 for suspending Papapietro mainly for complaining about Smurti's failure to pay her overtime, and $3,781.24 for offering Papapietro a different job or discharging her mainly for complaining about Smurti's failure to pay her overtime [Doc. 75].

On February 1, 2017 the Clerk entered judgment for Papapietro in:

    the amount of THREE HUNDRED FORTY NINE DOLLARS AND 24/100 ($349.24) in overtime pay, THREE HUNDRED TWELVE AND NO/100 ($312.00) DOLLARS in damages for time of suspension, and THREE THOUSAND SEVEN HUNDRED EIGHTY ONE AND 24/100 ($3,781.24) DOLLARS in retaliation damages, and liquidated damages, costs to be taxed to Defendants [Doc. 76].

On February 1, 2017 Plaintiff's counsel filed a Motion for an Award of Liquidated Damages seeking $4,442.48 in liquidated damages [Doc. 74]. On February 13, 2017 Plaintiff's counsel filed a Motion for Attorneys' Fees and Costs seeking an award of $159,474.17 in attorneys' fees and $4,417.15 in costs [Doc. 78].

Under the FLSA, an employer who fails to pay overtime is liable to his employee for unpaid overtime, and for an additional equal amount in liquidated damages. 29 U.S.C. § 216(b). Additionally, any employer who retaliates against an employee for making a complaint under the FLSA is liable for "such legal or equitable relief as may be appropriate to effectuate the purposes of [the FLSA anti-retaliation statute], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." Id. "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id.

Here, Plaintiff has filed Motions seeking $4,442.48 in liquidated damages [Doc. 74] and $159,474.17 in attorneys' fees and $4,417.15 in costs [Doc. 78]. In order to help the Court determine the basis for, and reasonableness of, those requests, the Court will hold a hearing on **Tuesday, March 28, 2017 at 2:00 P.M.** in Courtroom 1908, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. Plaintiff Papapietro's Motion for an Award of Liquidated Damages [Doc. 74] and Plaintiff Papapietro's Motion for Attorneys' Fees and Costs [Doc. 78] are both DEFERRED pending the outcome of the hearing.

It appearing to the Court that the February 1, 2017 Clerk's Judgment in this case [Doc. 76] was prematurely entered, that Judgment [Doc. 76] is hereby VACATED pending the outcome of the March 28 hearing.

SO ORDERED, this 22 day of February, 2017.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE