## RETAINER AGREEMENT:

We are pleased that you have engaged our firm to serve as your legal counsel. The undersigned, Bianca Papapietro ("Client"), hereby retains Kevin D. Fitzpatrick, Jr. and Charles R. Bridgers, Attorney, LLC (Attorneys), and any other attorney associated as allowed herein ("Attorney"), to represent Client in relation to **Fair Labor Standard Act claims** against Smurti Corporation, Manoj G. Barot and any related entities.  No other legal work will be performed by the Attorney for Client absent another agreement between Attorney and Client.

1. **FEES:**

    Legal services include, but are not limited to, consultations, evaluations, telephone calls, research, general preparation, drafting letters and documents, court filings, appearances, review of files and documents pertaining to the Client or to the Client's claims, undertaking investigations, client meetings and conferences, and matters relating to on-going or potential litigation.  Legal Fees do not include any amounts awarded for attorneys' fees as interim sanctions or other legal fee awards during the conduct of the case. Said interim attorney's fees or other sanctions shall be paid only to Attorney. Attorney will receive payment for Legal Services under the following terms:

    Currently, our hourly rates are $400 per hour for members; $235 for staff attorneys; and $125 per hour for paralegals, and will be contingent upon the recovery of attorneys' fees and costs from defendants pursuant to a settlement, trial or appeal.  These rates are subject to change and will be adjusted to our then-current rates charged for similar cases at the time we submit a fee application or negotiate a resolution to this matter. In the event of a settlement, amounts paid to the client will be designated as 50% wages and 50% liquidated damages.  In the event liquidated damages that are recovered for the Client exceed the amount of attorneys' fees and costs that are recovered, attorney's fees will also include twenty five percent (25%) of the amount by which liquidated damages exceed attorney's fees. If there is more than one plaintiff, attorney's fees as well as costs and expenses will be allocated equally to each Plaintiff.

    Attorneys' fees will also include 33% of any amount recovered for any reason other than the payment of wages, liquidated damages or attorney's fees. If Client accepts an Offer of Judgment or other settlement that does not compensate Attorneys for their legal fees/costs/expenses, Attorney's fees will be set at an agreed upon amount (no less than 40%) of all funds recovered plus costs and expenses to be deducted from Client's portion.

    If costs are awarded by a court or agreed upon in a settlement, these costs will be paid directly to the person/entity that incurred them.

    ***Fees do not include costs and expenses incurred, which are dealt with in Section 2 below.***

2. **COSTS AND EXPENSES:**

    Costs and expenses are billed differently than fees.  Attorney, in its sole discretion, may advance costs or expenses but is not required to do so.  Attorney may require that Client make advance payment of certain costs before incurred. Costs and expenses include, but are not

limited to, deposition/stenographic fees; video, expert/investigative fees; witness fees; court filing fees/service of process charges; travel expenses (including airfare, meals, hotels, mileage) and client specific charges for postage, courier, copying, audiovisual, etc). Client will be charged for the exact amount billed to Attorney or Attorney's best estimate of those charges. Any invoice or charge not contested within ninety days after presented to Client is deemed valid and any objections waived. If costs are awarded by a court or agreed upon in a settlement, these costs will be paid directly to the person/entity that incurred them. Client understands that in some circumstances set out above, all costs and expenses advanced by Attorney will be deducted from the client's portion of any recovery after the contingency fee is calculated. In the event of payment to client over time, Attorney reserves the right to repay all advanced costs out of the initial payment.

Client will not be responsible for costs and expenses incurred by Attorneys if Client does not receive a recovery unless Client is discharged pursuant to the Client Cooperation section of this Retainer Agreement or Client makes a substitution of attorney without Attorney's consent.

**Exception:** If arbitration is required pursuant to an enforceable arbitration agreement that Client executed with the employer, Client will be responsible for the Client's portion of the arbitrator's fee if the arbitrator fails to award full fees and costs to Client for any reason.

**3. RETAINER BALANCE:**

The Client is not required to pay a cost retainer.

**4. SUBSTITUTION OF ATTORNEYS:**

I understand that I may dismiss Attorney at any time, for any reason, upon written notice to Attorney and payment of unpaid expenses and attorney's fees for services rendered to date of the receipt of notice of termination. All fees and expenses due under this paragraph of the contract shall be due and payable immediately and prior to termination of this contract.   In the event of substitution, this retainer shall operate as an assignment and lien to Attorney, insofar as such an assignment may be lawful, for any claim for costs or expenses advanced on behalf of Client, and for all Attorney's fees due or owed.  In the event of such substitution, Client is liable for the higher of the Attorney's Fees as follows: 1) Attorney's fees (including staff effort) will be calculated on a quantum meruit (payment for work done) basis per hour at Attorney's hourly rate set out above; or 2) in the event Client discharges Attorney after an offer of settlement or compromise has been made by any opposing party, and Client accepts any portion of said offer, Client agrees to pay Attorney as if Attorney remained in the service of Client pursuant to this Agreement up to the full amount payable under this Agreement from any compromise or settlement. In the event that Attorney is required to seek Court intervention to enforce this paragraph, Client agrees to be responsible for all reasonable costs, including Attorneys' fees, incurred by Attorney in enforcing this paragraph.   Client also agrees that such an action as contemplated in this paragraph is proper in the Courts of Fulton County, Georgia, and Client consents to personal jurisdiction and venue in Fulton County, Georgia.

**5. INVOLVEMENT OF OTHER ATTORNEYS/PROFESSIONALS:**

The Attorney is authorized to associate, for the performance of any act pursuant to this retainer, any other licensed attorney or outside firm in Attorney's discretion. Rates for associated counsel and other persons will be the same as the rates set out by position in this Agreement. The Attorney is also authorized to associate, for the performance of any act

pursuant to this agreement, any licensed professional or other expert in the Attorney's discretion as a cost of the matter.

6. **LIMITED POWER OF ATTORNEY:**

Client hereby gives Attorney an irrevocable (*i.e.*, without regard to whether Client remains a Client of Attorneys) limited power of attorney to negotiate any settlement or other proceeds into Attorney's trust account and to provide tax identification numbers to the Defendants via a W-9.

7. **NO GUARANTEES AND LIMITATION OF SERVICES:**

It is agreed that the Attorney has made no guarantees regarding the successful termination of any matter, and that any expression relative thereto, must necessarily be, and is, a matter of opinion only.

At any time if Attorney, in his sole discretion, believes that either liability is uncertain or damages are such that pursuing this matter is unwise or unreasonable, Attorney reserves the right to terminate this Agreement and withdraw from representation with notice to you. In such event, Client will not be responsible for any costs incurred and Attorney will not make any claim for legal fees incurred during the representation.

The provisions of this Agreement shall apply only to the matter referenced above and, unless otherwise specifically provided, the undersigned's representation of you shall be for proceeding in the hearing court only. If appellate proceedings are instituted, or, if you desire that appellate proceedings be instituted, whether interlocutory or final, further fees and retainer arrangements need to be made. If the Defendant files for bankruptcy, Attorney will review the issue but do not agree in advance to pursue any relief on your behalf in the bankruptcy court. Attorney reserves the right to withdraw from representation in the event of bankruptcy by any party to the litigation.

Attorneys do not agree, unless set forth specifically, to make efforts to collect any judgment obtained. If Attorneys are retained or undertake to collect a judgment obtained by Attorneys in this matter, Attorney may recoup their costs and charge Client their hourly rates as listed above. Said charges for collection efforts will be withheld from any funds collected.

We do not provide tax guidance, financial advice or non-legal services. You should check with a CPA or other tax professional regarding any such matters.

We retain our file for a period of seven years. At the end of seven years, all material will be destroyed.

8. **CLIENT COOPERATION:**

Client agrees to cooperate completely and as deemed necessary by the Attorney to pursue or defend the Client's legal rights and claims. The Client shall provide any information requested in a timely manner. The Client shall timely execute any and all affidavits, or other documents as might be deemed necessary by Attorney. The Client shall keep confidential any and all conversations or communications between the Client and the Attorney (as well as any staff member in Attorney's office) in order to protect the attorney-client privilege. The Client shall be forthright and honest in providing all information and shall volunteer any information that Client believes may have relevance to the matter. In the event of a proposed compromise of the Claim, Client agrees to reasonably consider said proposal and Attorney's recommendation thereon. The Attorney reserves the right to terminate this agreement when, in his discretion,

3

he determines that the Client has been untruthful, dishonest, fraudulent, deceptive or uncooperative in providing information to the Attorney or for any other reason contemplated by the Georgia Rules of Professional Conduct.

It is your responsibility to keep in touch with us. If we cannot contact you, we can do no further work on your case, including meeting critical deadlines such as the statute of limitations; we will be forced to stop representing you; and we will be required to withdraw from your case. You agree that if we cannot contact you with reasonable efforts, Attorney may, in Attorney's sole discretion, request a dismissal of your claim without prejudice to have the best opportunity to protect your ability to bring the claim again. You should be aware, however, that a Court might refuse to dismiss the claim *without* prejudice and dismiss it *with* prejudice so that you will not be able to bring the claim again.

Client will inform Attorney if Client is in any form of bankruptcy or will inform Attorney at least ten days before filing for any form of bankruptcy. Filing bankruptcy without properly listing your claim will likely prevent you from recovering on your claim.

9.    **MULTIPLE PARTY REPRESENTATIONS:**

We are required to advise you of the hazards of multi-party representation by one attorney. An attorney is required to be impartial, loyal, and to exercise independent judgment with regard to the client group as a whole.  When we represent more than one person in an engagement, we must serve each person impartially and objectively. The attorney may not promote the interest of any one member of a group to the disadvantage of another in the group of clients.  An attorney may act as a common representative for more than one person in a common enterprise or endeavor for so long as their interest do not differ or potentially differ such as to conflict with each other.  All information provided by Client or communication made to the Attorney by Client may be shared with the Group. At this time, we believe that we can represent all parties in this suit. If Client has reason to believe otherwise, Client should raise this issue with Attorney. In the future, if Client believes that a conflict has arisen between the group, Client should immediately notify Attorney. Each person, who is a member of the group, may wish to obtain services of independent legal counsel to ensure that his or her or its interests are best protected, both now and in the future.  We cannot take sides if a conflict later develops or becomes apparent. Client hereby agrees to and waives any conflict if Attorney continues to represent other parties in this matter. In such a case, Attorneys cannot guarantee that communication between them and Client will remain confidential as to other parties Attorney's represent in the matter.

Attorney's fees and costs may not be strictly allocated among different clients. Client agrees that attorney's fees and all costs incurred will be combined and averaged among all clients for the purposes of determining Attorney's Fees under this Agreement.

In the event that a decision is necessary that affects all Clients, including the decision to compromise/settle a case or to pursue an appeal, all Clients agree that the majority of the Clients affected will decide the issue.

10.    **COMPLETE AGREEMENT**

While I am asking you to sign a copy of this agreement, your acceptance of services under this agreement serve as your acceptance of the terms and representations herein. The foregoing constitutes the entire agreement between the parties and supersedes any previous discussion, representations, or agreements between the parties. You may wish to seek outside legal counsel before signing this agreement. Any and all such discussions, representations or agreements are

hereby merged with this final document. Any changes to this Agreement, including to this paragraph, must be in writing signed by both parties.

The parties have evidenced their agreement by their signatures below.

*I have carefully read the above terms and conditions. I understand these terms and conditions.*

*I retain Attorneys as my attorney and agree to these terms and conditions.*

This 9th day of February 2015

Signed:

Printed name:  **Bianca R. P. Papapietro**

**Kevin D. Fitzpatrick, Jr.**

**Charles R. Bridgers**, Attorney, LLC

5